KEHOE, Judge.
Petitioner, defendant below, in these consolidated cases seeks review of an order entered by the trial court granting respondent, the prosecution below, motion to substitute defense counsel. Case No. 78-1329 is a petition for writ of common law certio-rari and Case No. 78-1350 is a plenary appeal. We have consolidated these cases and have ordered the parties to proceed under the applicable rules of appellate procedure in regard to writs of certiorari. Cer-tiorari is granted.
Petitioner was charged by an indictment with the first degree murder of Donald Gould. During the proceedings below, respondent filed a motion to substitute counsel contending that petitioner’s attorney, George D. Gold, should be disqualified from representing respondent. The basic reason for such disqualification was that Gold had previously represented petitioner’s father in the grand jury proceeding out of which the charges against petitioner arose. Also, Gold’s law firm had represented, in unrelated matters, four of the witnesses who were due to testify against petitioner in the instant case. As a result of respondent’s motion to substitute counsel, the trial court ordered substitution of counsel. It is from this order, that petitioner brings his petition for common law writ of certiorari.
Petitioner contends that the trial court’s order requiring substitution of his counsel both departs from the essential requirements of law and deprives him of his constitutional right to his choice of counsel for representation in this criminal proceeding.
At the outset, we note that this is not a case where a public defender is involved; further, we note that at the time the trial court entered its order requiring substitution of counsel no testimony had been taken. At the time the trial court entered the order, it had before it respondent’s motion to substitute counsel accompanied by an affidavit signed by the assistant attorney general to the effect that the allegations in the motion were true and correct to the best of his knowledge, respondent’s memorandum of law, a statement from Jack Sie-gel, and two affidavits from Philip Siegel. Jack Siegel’s statement stated in pertinent part:
“First: The only reason that I had ever gone to Mr. Gold when I was subpoenaed before the Grand Jury was because I knew that he could advise me of my rights, as I guess any criminal attorney would have. * * * Mr. Gold only generally explained my rights to me and I, myself, then dictated what the lawfully proper course was to take.”
One of Philip Siegel’s affidavits was primarily an expression of his confidence and belief in his counsel’s abilities, and the other affidavit stated, basically, that he was aware of respondent’s claims in regard to potential conflicts of interest with his attorney, that he was concerned over respondent’s efforts to “knock out” the lawyer of his choice because respondent placed Gold’s name on the prosecution’s witness list, and that he thought his attorney could maintain all confidences, if any, allegedly imparted to him by putative State witnesses in cross-examination of them. No other evidence was presented to the trial court.
In our opinion, at the time the trial court entered its order requiring substitution of petitioner’s counsel, it was simply too early, or premature, in the proceedings to ascertain whether there was a conflict of interest in regard to Gold’s representation of petitioner which would require or support a substitution of counsel. Further, it was also too early for petitioner to make an intelligent waiver, if possible, in regard to any conflict. Accordingly, the order appealed is quashed and the cause is remanded for further proceedings.
Further, we are confident that petitioner’s counsel is cognizant of the application of the applicable provisions of the Florida Code of Professional Responsibility in cases such as this one, and of his duty to completely and .properly represent petitioner. Further still, this opinion should not be construed in any manner from precluding the trial court in further proceedings in this cause from exercising its judicial discretion in a timely manner in regard to any rele *85 vant matter before it, including a motion to substitute.
Quashed and remanded.